Myron Angstman
ANGSTMAN LAW OFFICE
P.O. Box 585
Bethel, Alaska 99559
Phone: (907) 543-2972
Fax: (907) 543-3394
angstmanlaw@alaska.com

William H. Ingaldson
INGALDSON MAASSEN & FITZGERALD, P.C.
813 W. 3rd Ave.
Anchorage, Alaska 99501
Phone: (907) 258-8750
Fax: (907) 258-8751
bill@impc-law.com

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE STATE OF ALASKA

| | |
|---|---|
| GERTRUDE PAUKAN, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Defendant. ) <br> _____ ) | Case No. 3:10-cv-_____ |

## COMPLAINT

Plaintiff, Gertrude Paukan, through her attorneys of record, for her complaint against the defendant, states and alleges as follows:

INGALDSON,
MAASSEN &
FITZGERALD,
P.C.
Lawyers
813 W. 3rd Avenue
Anchorage,
Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-8751

## PARTIES AND JURISDICTION

1. This action arises under the Federal Tort Claims Act, 28 U.S.C. § 1346(b), and §§ 2671 *et seq.*

2. Gertrude Paukan is, and at all material times was, a resident of St. Mary's, Alaska.

3. The Yukon Kuskokwim Health Corporation ("YKHC") is a non-profit corporation organized pursuant to Alaska law. Upon information and belief, YKHC is a corporation in good standing in the State of Alaska. YKHC operates a subregional medical clinic in St. Mary's, Alaska.

4. The United States has assumed tort liability under the Federal Tort Claims Act for the negligent acts of YKHC employees.

5. An administrative claim was presented on January 27, 2010. More than six months have passed since the claim was presented and the claim is deemed denied pursuant to 28 U.S.C. § 2675(a).

## BACKGROUND AND FACTS

6. On May 9, 2009, plaintiff sustained a fall down some stairs and sought subsequently medical treatment at YKHC's St. Mary's clinic, complaining of left clavicle pain. On May 9, 2009, plaintiff was X-rayed, but the radiologist failed to identify a fracture or dislocation.

7. On May 15, 2009, plaintiff was X-rayed again at the St. Mary's clinic. Again, a radiologist failed to identify a fracture or dislocation, although it was noted only frontal

INGALDSON,
MAASSEN &
FITZGERALD,
P.C.
Lawyers
813 W. 3rd Avenue
Anchorage,
Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-8751

*Paukin v. USA*
Case No. 3:10-cv-
Complaint

views were obtained without a cephalad angle view. The May 15, 2009 X-ray also assumed that the sternoclavicular joint was grossly normal.

8.  On June 19, 2009, the St. Mary's clinic medical records noted that plaintiff's left shoulder had limited range of motion, weakness with lifting, full-extension and rotation and that there was an obvious protrusion of plaintiff's left sternoclavicular joint. On June 19, 2009, plaintiff was X-rayed again at the St. Mary's clinic. This time, the radiologist's report noted that dislocation of the sternoclavicular joint is very difficult to evaluate on plain radiographs. On June 19, 2009, a referral for a CT of plaintiff's clavicle at YKHC's Bethel clinic was finally made.

9.  Eventually plaintiff was diagnosed with a dislocated clavicle. As a result of her misdiagnosis and delay in treatment, plaintiff has on-going radiating pain, misalignment of her clavicle, and impairment, among other complications.

## FIRST CAUSE OF ACTION: NEGLIGENCE

10. Plaintiff realleges and incorporates the allegations in paragraphs 1-9, above.

11. At the above-mentioned time and place, Defendant, through its agents, servants and employees, was negligent in failing to properly and timely diagnose and treat Plaintiff.

12. Defendant's employees' negligence breached the standard of care required of health care providers in the field in which the health care practitioners were practicing.

13. As a direct and proximate result of the foregoing negligent acts or omissions on the part of the Defendant's employees or agents, Plaintiff suffered damages, including

INGALDSON,
MAASSEN &
FITZGERALD,
P.C.
Lawyers
813 W. 3rd Avenue
Anchorage,
Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-8751

*Paukin v. USA*
Case No. 3:10-cv-
Complaint

but not limited to, past and present medical expenses, past and present pain and suffering, past and present emotional distress, loss of enjoyment of life, loss of earning capacity, disfigurement, and physical impairment, the precise amount of which will be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the court grant her the following relief:

1. An award of economic and non-economic damages, the precise amount to be proven at trial;

2. Allowable costs and attorney's fees; and

3. Such other relief as the court deems equitable and just.

RESPECTFULLY SUBMITTED this 18th day of October, 2010.

> ANGSTMAN LAW OFFICE
> Attorneys for Plaintiff
>
> By: s/Myron Angstman
>     Myron Angstman
>     ABA No. 7410057
>
> INGALDSON MAASSEN & FITZGERALD
> Attorneys for Plaintiff
>
> By: s/William H. Ingaldson
>     William H. Ingaldson
>     ABA No. 8406030

INGALDSON, MAASSEN & FITZGERALD, P.C.
Lawyers
813 W. 3rd Avenue
Anchorage, Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-8751

*Paukin v. USA*
Case No. 3:10-cv-
Complaint